CHARLES BELENY, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 31, 1941—Decided January 9, 1942.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles Broadhurst*).

For the plaintiff-respondent, *Alex Simpson*.

The opinion of the court was delivered by

BODINE, J.   Charles Beleny recovered in an action for negligence a judgment by reason of injuries sustained by him while closing a sliding door in a somewhat freshly painted box car on defendant's premises in Jersey City.   His hand was caught between the edge of the sliding door and the door jamb.   Several other laborers were pushing at the door when it suddenly closed.   When a car door stuck, for any reason, it was the practice to have several men push at it.   Beleny was an employee of William Spencer & Sons, Inc., a contracting stevedore company, engaged in loading and unloading cars on the defendant's pier.

The case was submitted to the jury on the theory that the defendant owed a duty to the plaintiff as an invitee to exercise ordinary care to supply him with a safe place to work.   The proofs disclose no breach of such duty.   There is no proof of any defect which inspection would have revealed.   *Anderson* v. *Erie Railroad Co.*, 68 *N. J. L.* 647 ; *Griffin* v. *Payne, Director-General, &c.*, 95 *Id.* 490 ; *Cork* v. *Lehigh Valley Railroad Co.*, 98 *Id.* 143.   In fact, there was no proof that the car was defective.

It is common knowledge that a freshly painted door is apt to stick. Yet painting is necessary to prevent deterioration. Further, the car was the property of the Pennsylvania Railroad Company. There is nothing indicative that it was unsafe for transportation, or that it was unsafe for unloading—a task which the plaintiff was performing. The closing of the door was one of his duties. In doing this work, he was hurt, because he had put his hand between the edge of the door and the jamb, while his fellow workmen shoved at the door in order to get it closed. Such circumstances certainly imposes no liability upon the appellant railroad company since this was an action at common law and not under the Workmen's Compensation Act.

This disposition of the cause makes it unnecessary for us to consider the other points raised in the appellant's brief.

Judgment is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, Wolfskeil, Rafferty, Hague, Thompson, JJ. 15.